IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Donavan E. Miller, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 1:15-1253 |
| v. ) | |
| ) | |
| Colleton County Sheriff's Office; ) | **ORDER** |
| Jodie Taylor; Andy Strickland; ) | |
| Matthew Bell; and Chris Ferrand, ) | |
| ) | |
| Defendants. ) | |



This matter is before the Court upon the Plaintiff's pro se complaint filed pursuant to 42 U.S.C. § 1983. In accordance with Local Civil Rule 73.2(B)(2)(d) for the District of South Carolina and 28 U.S.C. § 636(b)(1)(A), the matter was referred to a United States Magistrate Judge for preliminary determinations. On April 22, 2015, the Magistrate Judge issued a report and recommendation ("R&R"), outlining the issues and recommending that the Court dismiss the complaint in this case without prejudice and without issuance and service of process as to Defendants Colleton County Sheriff's Office ("CCSO") and Chris Ferrand ("Ferrand"). In a separately-docketed order, the Magistrate Judge directed service of the complaint on the remaining Defendants.

In her order, the Magistrate Judge noted that a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Because the Plaintiff's compliant does not contain any factual allegations of wrongdoing attributable to Defendant Ferrand, the Magistrate Judge recommended dismissal of him from this action. Next, with respect to Defendant CCSO, the Magistrate Judge noted that in South Carolina, sheriff's departments are considered state agencies and arms of the state, and as a result,

they are entitled to Eleventh Amendment immunity. Accordingly, the Magistrate Judge recommended that Defendant CCSO be summarily dismissed from this action.

The Plaintiff filed written objections to the R&R on May 4, 2015.[1] In his objections, he does not object to the Magistrate Judge's recommendation that Defendant Ferrand be dismissed from this action; however, he does object to the Magistrate Judge's recommendation that Defendant CCSO be dismissed. Essentially, the Plaintiff asserts that Defendant CCSO controls the Colleton County Detention Center and passes the rules that govern the detention center.

As the Magistrate Judge noted, the Eleventh Amendment prohibits federal courts from entertaining an action against a state. See Alabama v. Pugh, 438 U.S. 781, 782 (1978) (per curiam) (citations omitted). Further, Eleventh Amendment immunity "extends to 'arm[s] of the State,' including state agencies and state officers acting in their official capacity." Cromer v. Brown, 88 F.3d 1315, 1332 (4th Cir.1996) (alteration in original) (internal citations omitted). In South Carolina, it is well-established that a sheriff's office is an agency of the state, such that a suit against the sheriff's office is a suit against the State. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989). Accordingly, the Court overrules the Plaintiff's objections and agrees with the Magistrate Judge that Defendant CCSO is entitled to Eleventh Amendment immunity.

---

[1] The Court is charged with conducting a de novo review of any portion of the R&R to which a specific objection is registered and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636(b)(1). Any written objections must specifically identify the portion of the R&R to which the objection is made and the basis for the objection. Id.

Based on the foregoing, it is hereby

**ORDERED** that the Magistrate Judge's R&R (Entry 13) is adopted; the Plaintiff's objections (Entry 17) are overruled; and Defendants CCSO and Ferrand are dismissed from this action without prejudice and without issuance and service of process.

**AND IT IS SO ORDERED.**

Sol Blatt, Jr.
Senior United States District Judge

May 7, 2015
Charleston, South Carolina