IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

2016 FEB 18  A 8:48

| | |
|---|---|
| Donavan E. Miller, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 1:15-1253-SB |
| v. ) | |
| ) | |
| Jodie Taylor; Andy Strickland; and ) | **ORDER** |
| Matthew Bell, ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court upon Donavan E. Miller's pro se complaint, which alleges violations of his constitutional rights pursuant to 42 U.S.C. § 1983. On October 27, 2015, the Defendants filed a motion for summary judgment. In accordance with Local Rule 73.02(B)(2)(a), the matter was referred to a United States Magistrate Judge for preliminary review. The Magistrate Judge issued an order on October 28, 2015, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising the Plaintiff of the summary judgment procedure and instructing him to respond to the Defendants' motion. When the Plaintiff failed to respond, the Magistrate Judge issued an order on December 14, 2015, directing the Plaintiff to advise the Court whether he wishes to continue with his case and to file a response to the Defendants' motion for summary judgment by December 29, 2015. The order further instructed the Plaintiff that if he failed to respond, then the action would be recommended for dismissal for failure to prosecute. The December 14 order was returned to the Court on December 21, 2015, marked as undeliverable, as the Plaintiff had not clarified his new detainee number, but the Court re-mailed the order to the Plaintiff on December 22, 2015.

After receiving no response from the Plaintiff, and in an abundance of caution, the Magistrate Judge issued another order on January 5, 2016, directing the Plaintiff to respond to the Defendants' motion for summary judgment by January 19, 2016, and informing the Plaintiff that a failure to respond would result in the action be recommended for dismissal for failure to prosecute.

After again receiving no response from the Plaintiff, the Magistrate Judge issued a report and recommendation ("R&R"), on January 22, 2016, recommending that the Court dismiss this matter with prejudice for failure to prosecute. Attached the R&R was a notice advising the Plaintiff of his right to file written objections to the R&R within 14 days of receiving a copy. To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. Mathews v. Weber, 423 U.S. 261 (1976). The Court is charged with making a de novo determination only of those portions of the R&R to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' ") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections were filed, the Court has reviewed the record, the

applicable law, and the findings and recommendations of the Magistrate Judge for clear error. Finding none, the Court **adopts the R&R** (Entry 47), and it is

**ORDERED** that this action is dismissed with prejudice for failure to prosecute, in accordance with Rule 41(b) of the Federal Rules of Civil Procedure.

**AND IT IS SO ORDERED.**

February 17, 2016
Charleston, South Carolina

for Sol Blatt, Jr.
Senior United States District Judge

3